**James J. LYNCH, Appellee,**

v.

**Officer Lee ANDERSON and Officer Duane Albro, Appellants.**

**No. 88–5294.**

United States Court of Appeals, Eighth Circuit.

Submitted May 9, 1989.

Decided July 27, 1989.

Rehearing Denied Aug. 28, 1989.

M. Alison Lutterman, St. Paul, Minn., for appellants.

James Lynch, Woodbury, Minn., pro se.

Before JOHN R. GIBSON, Circuit Judge, HEANEY, Senior Circuit Judge, and MAGILL, Circuit Judge.

MAGILL, Circuit Judge.

In the district court,[1] appellee James J. Lynch sued two Anoka, Minnesota police officers, the City of Anoka, and two Minnesota state court judges pursuant to 42 U.S. C. § 1983. Lynch claimed that because he was detained for obstruction of justice[2] and because his citation was not delivered to him personally by the arresting officers, the officers, the City and the judges violated his rights under the fourth, fifth, sixth, and fourteenth amendments of the United States Constitution. The district court dismissed all of Lynch's claims except those concerning the two officers. The officers' subsequent motion for summary judgment was denied. On appeal, the officers contend that the district court should have granted their motion because (1) they were entitled to qualified immunity from § 1983 liability; and (2) they did not deprive Lynch of any constitutionally guaranteed rights. We conclude that the district court's decision not to grant the officers' motion for summary judgment was not erroneous be-

---

1. The Honorable Robert G. Renner, United States District Judge for the District of Minnesota.

2. Lynch refused to identify himself when he was questioned at the site of the burglary investigation.

cause Lynch raised genuine issues of material fact regarding the legality of his arrest and detention.

## I.

Appellants Lee Anderson and Duane Albro were Anoka, Minnesota police officers.[3] At 7:00 a.m. on October 2, 1984, Officer Anderson received a report that someone had set off a burglar alarm at the Anoka County Historical Society building. Officer Anderson reached the building in minutes and saw two men coming through the back door towards a parked van. He waited for radio confirmation that backup officers were on the way. Then he approached the two men and informed them that an alarm had sounded and that he was investigating the incident. When he asked them to identify themselves, one of the men, James Benson, said that they both worked in the building. Benson produced an identification card. The other, Lynch, refused to identify himself.

Officer Albro arrived shortly thereafter. Officer Anderson informed him that he had found the two men leaving the building and that Lynch had refused to identify himself. Officer Albro offered Lynch a choice between cooperation and arrest, but Lynch again refused to state his name. Lynch then began to walk away. The officers attempted to keep Lynch at the scene and he resisted, so they placed him under arrest. Benson was not arrested.

After the arrest (but before their departure from the scene), the officers learned that the alarm had been accidental; no burglary had been committed. Lynch then divulged that his name was "Jim," but refused to provide any further identifying information. The officers decided (since they could not issue a citation to and release a man known only as "Jim") to transport him to the Anoka County Jail.

Lynch's intransigence continued at the jail, so officials there were unable to "book" him. Officer Anderson then went to his office to investigate "Jim's" identity. Later that day, when he finally ascertained

"Jim's" full name and address, he had a citation prepared and delivered to Lynch in his cell, where Lynch was held for six days.

In September 1986, Lynch filed this § 1983 action. He named the two arresting officers, the City of Anoka, and Minnesota State District Court Judges Lynn Olson and Spencer Sokolowski as defendants. The district court dismissed Lynch's claims against the City and the judges pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Lynch then engaged in discovery with the two officers.

Officers Anderson and Albro moved for summary judgment. They contended, *inter alia*, that they were shielded from § 1983 liability under the qualified immunity doctrine. The district court refused to grant their motion, concluding that since Lynch had raised genuine issues of material fact concerning the legality of his arrest, the officers were not entitled to judgment as a matter of law under Rule 56 of the Federal Rules of Civil Procedure. On appeal, the officers allege that the district court erred because the facts the court found to be in dispute were not material to the officers' alleged rights to qualified immunity.

## II.

The district court held that because Lynch succeeded in raising genuine issues of material fact, summary judgment for the defendants was inappropriate. We agree. *United States v. Jones*, 759 F.2d 633 (8th Cir.1985), holds that "[t]he scope of an investigative detention is to be keyed to the purposes of the stop, with officers using 'the *least intrusive means* reasonably available to verify or dispel [their] suspicion[s] in a *short period of time.*'" *Id.* at 642 (quoting *Florida v. Royer*, 460 U.S. 491, 500, 103 S.Ct. 1319, 1325–26, 75 L.Ed.2d 229 (1983)) (emphasis added).

We are convinced that the district court did not err in concluding that the length and intrusiveness of the officers' investigatory stop of Lynch, relative to its apparent purpose (i.e., to ascertain whether he was

---

**3.** Officer Anderson is still on the force; Officer Albro has since retired.

involved in the reported burglary), are genuine issues of material fact. Did the officers use the least intrusive means reasonably available? Did they continue to hold Lynch after their reasonable need to identify him ended, particularly after it became apparent that the alarm had been accidental and that there was no burglary, which was the only reason for the police officers to go to the scene? Did a building superintendent at the Historical Society engage in a "heated exchange" with the defendants after seeing Lynch being frisked, as was alleged (and denied by the officers) in the district court?

Since Lynch raised these genuine issues of material fact in the district court, we affirm the district court's refusal to grant the defendants' motion for summary judgment.